**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| EMANUEL GULLEY, | ) | Case No. 1:26-cv-1764 |
| | ) | |
| Petitioner, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Jonathan D. Greenberg |
| JUDGE MAUREEN CLANCY, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## OPINION AND ORDER

Petitioner Emanuel Gulley, a pretrial detainee in the Cuyahoga County jail, petitions for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his detention while he awaits trial.  Although Petitioner seeks a writ under Section 2241, Section 2254 governs a habeas petition of a person in the custody of a State.

Under 28 U.S.C. § 2243, a court shall forthwith issue a writ or order the respondent to show cause why a writ should not issue, "unless it appears from the application that the applicant or person detained is not entitled" to a writ of habeas corpus.  This statute requires an initial screening of a petition.  *See Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).  At this stage of the proceedings, a court accepts as true the allegations in the petition and construes them in favor of the petitioner.  *Id.*  "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition."  Rule 4 of the Rules Governing Section 2254 Cases (applicable to petitions under Section 2241 through Rule 1(b)).

On its initial screening, the Court dismisses the petition for three reasons. First, the proper respondent is the person having custody over the petitioner. *See* 28 U.S.C. § 2242. Petitioner did not bring his claims against his custodian. Instead, he names as the respondent the judge who is presiding over his case. This respondent is improper.

Second, as relevant here, before a petitioner may seek a writ of habeas corpus in federal court, he must be subject to a final judgment and sentence in State court. *See id.* §§ 2241(d) & 2254(a). Because Mr. Gulley's case remains ongoing in State court, a writ may not issue.

Third, before a State prisoner may seek a writ of habeas corpus in federal court pursuant to 28 U.S.C. § 2254, he must first exhaust the remedies available to him in the State courts by fairly presenting all his constitutional claims to the State's highest court. *See* 28 U.S.C. §§ 2254(b) & (c); *Picard v. Connor*, 404 U.S. 270, 275–76 (1971); *Pillette v. Foltz*, 824 F.2d 494, 497 (6th Cir. 1987); *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987). To satisfy the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," which, in Ohio, includes discretionary review by the Ohio Supreme Court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall*, 757 F.2d 94, 97, 99–100 (6th Cir. 1985).

Fairly presenting claims to the State courts means raising them at the first available opportunity. *Rust v. Zent*, 17 F.3d 155, 160–61 (6th Cir. 1994). A habeas

2

petitioner bears the burden of demonstrating he has properly and fully exhausted his available State-court remedies with respect to the claims he seeks to present for federal habeas review.  *See Caver v. Straub*, 349 F.3d 340, 345 (6th Cir. 2003); *Rust*, 17 F.3d at 160; *Prather v. Rees*, 822 F.2d 1418, 1420 n.3 (6th Cir. 1987).  Exhausting State claims before proceeding to federal habeas review requires complete exhaustion.  *Rose v. Lundy*, 455 U.S. 509, 522 (1982).  Petitioner fails to make any showing that he has exhausted his claims.

Without a certificate of appealability, a habeas petitioner cannot appeal a final order in a habeas proceeding. 28 U.S.C. § 2253(c)(1)(A).  A court may issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This means that the petitioner must show that reasonable jurists could find the district court's determination of the relevant constitutional claims debatable or incorrect.  *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). The petitioner need not show that the appeal will succeed.  *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).  Based on this standard, Petitioner does not qualify for a certificate of appealability.  No reasonable jurist could fairly debate that Petitioner has failed to overcome the foregoing, or other, procedural requirements for him to bring a habeas petition.

For all these reasons, the Court **DISMISSES** the petition **WITHOUT PREJUDICE** and **DECLINES** to issue a certificate of appealability.

**SO ORDERED.**

3

Dated:  July 31, 2026

J. Philip Calabrese
United States District Judge
Northern District of Ohio

4